# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

TAMARA JEAN FARRELL-SHANLEY,  )
an individual,                )
                              )   CASE NO.:
       Plaintiff,             )
                              )
vs.                           )
                              )
REKLAW, L.L.C.,               )
a Georgia Limited Liability Company,  )
                              )
and                           )
                              )
ARTHUR W. WALKER,             )
an Individual,                )
                              )
       Defendants.            )
_____/ )

## COMPLAINT

Plaintiff, TAMARA JEAN FARRELL-SHANLEY, through her undersigned counsel, hereby files this Complaint and sues REKLAW, L.L.C., a Georgia Limited Liability Company and ARTHUR W. WALKER, an Individual, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

## JURISDICTION AND PARTIES

1

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Northern District of Georgia.

3. Plaintiff, TAMARA JEAN FARRELL-SHANLEY, (hereinafter referred to as "MRS. FARRELL-SHANLEY"), is a resident of Henry County, Georgia.

4. MRS. FARRELL-SHANLEY is disabled and suffers from Congenital Spastic Cerebral Palsy Diplegia. She requires the use of either a special cane or a wheelchair as her primary means of mobility.

5. Due to her disability, MRS. FARRELL-SHANLEY is substantially impaired in several major life activities, including walking.

6. Defendant REKLAW, L.L.C., a Georgia Limited Liability Company (hereinafter referred to as "DEFENDANT"), is registered to do business in the State of Georgia. Upon information and belief, DEFENDANT is the owner and/or

operator of a portion of the real property and improvements which are the subject of this action, to wit: the Property, known as Citi Center, located at 2685 Metropolitan Parkway SW, Atlanta, Georgia 30315 at Parcel ID:14 0101 LL0430.

7. Defendant ARTHUR W. WALKER, an Individual, (hereinafter referred to as "WALKER"), is the owner and/or operator of a portion of the real property and improvements which are the subject of this action, to wit: the Property, known as Citi Center, located at 2685 Stewart Ave SW, Atlanta, Georgia 30315 at Parcel ID: 14 0101 LL0422. The two parcels which compromise the City Center are collectively referenced herein as the "Property".

8. All events giving rise to this lawsuit occurred in the Northern District of Georgia, Fulton County, Georgia.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

9. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

10. The Property, a large shopping center, is open to the public and provides goods and services to the public.

11. MRS. FARRELL-SHANLEY has visited the Property and attempted to utilize the goods and services offered at the Property.

12. While at the Property, MRS. FARRELL-SHANLEY experienced

serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein.

13. MRS. FARRELL-SHANLEY continues to desire to visit the Property, but fears that she will continue to experience serious difficulty due to the barriers discussed herein, which still exist.

14. MRS. FARRELL-SHANLEY plans to and will visit the property in the near future to utilize the goods and services offered thereon. However, but for the barriers to access located at the Defendants' Property, Plaintiff would visit more often.

15. Defendants are in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.304 et. seq. and are discriminating against the Plaintiff due to Defendants' failure to provide and/or correct, *inter alia,* the following architectural barriers which hindered Plaintiff's access throughout the Defendants' Property:

At Parcel ID: 14 0101 LL0422

A. Plaintiff encountered inaccessible parking in this section of the Property due to an inadequate number of disabled use parking spaces provided for the total number of standard parking available.

B. Plaintiff encountered inaccessible parking in this section of the Property due to a lack of and/or severely faded access aisle adjacent to the disabled use parking space provided adjacent to the building. Additionally,

the disabled parking space contains excessive slopes and pavement defects making it difficult for Plaintiff to safely load and unload from a vehicle in this parking space.

  C. Plaintiff encountered inaccessible tenant entrances to the stores in this section of the Property due to sidewalks with excessive slopes and high door thresholds causing excessive vertical changes in level.  This made it difficult for Plaintiff to gain access to the stores in this section of the Property.

  At Parcel ID: 14 0101 LL0430

  A. Plaintiff encountered inaccessible parking in this section of the Property due to a lack of access aisles adjacent to several of the disabled use parking spaces provided, other disabled use parking spaces which had irregularly shaped access aisles and some access aisles which were obstructed by shopping cart return cages.  This made it difficult for Plaintiff to safely load and unload from a vehicle in these parking spaces.

  B. Additionally, many of the disabled parking spaces contain excessive slopes and pavement defects making it difficult for Plaintiff to safely load and unload from a vehicle in these parking spaces.

  C. Furthermore, the disabled use parking near the American Deli includes a severely faded and confusing access aisle which is generally

blocked by parked vehicles. This space also obstructs the curb ramp which is located at the front of the aisle.

      C.    Plaintiff encountered inaccessible curb ramps throughout the Property due to uneven surfaces, excessive running slopes, steep side flares and disrepair. These conditions made it more difficult for Plaintiff to maneuver throughout the Property.

16. Defendants either do not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

17. Independent of her intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

18. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

19. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

20. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs, and litigation expenses paid by Defendants.

WHEREFORE, the Plaintiff demands judgment against REKLAW, L.L.C.

and ARTHUR W. WALKER and requests the following injunctive and declaratory relief:

    A.    That the Court declares that the Property owned and operated by DEFENDANTS are in violation of the ADA;

    B.    That the Court enter an Order directing DEFENDANTS to alter its property to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing DEFENDANTS to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANTS to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

                Respectfully Submitted,

                KU & MUSSMAN, P.A.
                18501 Pines Blvd, Suite 209-A

Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976


By: */s/ John A. Moore*
      John A. Moore, Esq.
      Georgia Bar No.: 519792
      Of Counsel
      The Moore Law Group, LLC
      1745 Martin Luther King Jr., Drive
      Atlanta, GA 30314
      Tel.: (678) 288-5601
      Fax: (888) 553-0071
      Email: jmoore@moorelawllc.com
      Attorney for Plaintiff